UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CYNDAL TODD** </br> Plaintiff, </br> </br> vs. </br> </br> LHR, INC., JOHN DOES, and JANE DOES </br> Defendants, | Civil Action No. 1:12-cv-11703 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Cyndal Todd, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendants transact business here, personal jurisdiction is established.

## III.  PARTIES

4. Plaintiff, Cyndal Todd is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Essex County, in the state of Massachusetts.

5. Defendant, LHR, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Erie County, in the state of New York.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendants as collection agents, whose identities are currently

unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendants acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## *IV. FACTUAL ALLEGATIONS*

10. Sometime before September of 2012, Plaintiff, Cyndal Todd, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Cyndal.

12. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendants then within one year prior to the filing of this complaint, began contacting Cyndal and placing collection calls to Cyndal prior to September 12, 2012; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendants, during communications directed to Cyndal, did not state that Defendants

were debt collectors, attempting to collect on a debt, and that any information obtained would be used for that purpose.

## *SUMMARY*

15. All of the above-described collection communications made to Plaintiff Cyndal Todd by each individual Defendant and other collection employees employed by Defendant LHR, Inc. were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

16. The above-detailed conduct by these Defendants of harassing Cyndal in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

17. As a result of the acts alleged above, Defendant caused Cyndal to become very upset because of the illegal and deceptive manner in which this debt was collected by these Defendants.

18. Cyndal suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anxiety, emotional distress, frustration, upset, amongst other negative emotions.

19. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Cyndal.

## *RESPONDEAT SUPERIOR LIABILITY*

20. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant LHR, Inc. who communicated with Plaintiff Cyndal Todd as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant LHR, Inc.

21. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant LHR, Inc. in collecting consumer debts.

22. By committing these acts and omissions against Cyndal, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant LHR, Inc.

23. Defendant LHR, Inc. is therefore liable to Cyndal through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to

violations of the FDCPA, in their attempts to collect this debt by communicating with Cyndal.

### V. *CAUSES OF ACTION*

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

24. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

  (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

  (b) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to

collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings.

26. Defendants' acts as described above were done intentionally with the purpose of coercing Cyndal to pay the alleged debt.

27. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff Cyndal Todd for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated:  September 12, 2012                             RESPECTFULLY SUBMITTED,
                                                       By: /s/ Kevin Crick
                                                       Kevin Crick, Esq.
                                                       BBO:  680950
                                                       Consumer Rights Law Firm, PLLC
                                                       300 Brickstone Square, Suite 902
                                                       Andover, Massachusetts 01810
                                                       Phone: (978) 212-3300
                                                       Fax: (888) 712-4458
                                                       kevinc@consumerlawfirmcenter.com
                                                       **Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*
Please take notice that plaintiff Cyndal Todd demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.